UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CAMARILLO HOSPITALITY, LLC; BALA PALANSIAMY; and KEN PANSURIA, <br><br> Defendants. | Civ. No. 16-0066 (KM) (MAH) <br><br> **OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Baymont Franchise Systems ("BFS"), brings this action against the defendants, Camarillo Hospitality, LLC, Bala Palansiamy, and Ken Pansuria (collectively, "Camarillo", unless otherwise specified) alleging that Camarillo breached a franchise agreement in connection with the operation of a hotel located in California. Camaillo moves to dismiss the complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, requests that I transfer this case to the Central District of California pursuant to 28 U.S.C. §§ 1404 and 1406. For the reasons set out below, the motion to dismiss or transfer is DENIED.

**I.   BACKGROUND**

BFS is a Delaware corporation with its principal place of business in New Jersey. (Compl. ¶ 1) Camarillo is a California limited liability company. Palanisamy and Pansuria, who are domiciled in California, are members of Camarillo. (References to Camarillo are deemed to include them, unless otherwise specified.) (Compl. ¶¶ 2-5) On October 8, 2012, Camarillo entered into a franchise agreement with BFS in which Camarillo was to operate a BFS-

branded hotel located in California. (Comp. ¶ 10) That agreement contains a forum selection clause:

> You consent and waive your objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this Agreement or between we and you.

(Compl. Ex. A. § 17.6.3)[1]

Beginning in 2014, BFS alleges that Camarillo failed to operate the hotel in accordance with BFS standards. (Compl. ¶¶ 25-30) In June 2015, BFS terminated the agreement and advised Camarillo and the individual defendants that it was on the hook for liquidated damages and other fees. (*Id.* ¶ 31) On January 6, 2016, BFS filed a complaint seeking money damages and injunctive relief. On May 27, 2016, Camarillo moved to dismiss the complaint for improper venue or to transfer venue pursuant to 28 U.S.C. §§ 1404 and 1406.[2] (ECF No. 13) Camarillo's motion is unaccompanied by any certifications or affidavits.

## II. DISCUSSION

### A. Governing Standards: Venue

In general, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b); *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) ("The [relevant] test for determining venue is not

---

[1] The agreement also contains a choice of law provision: "This Agreement will be governed by and construed under the laws of the State of New Jersey, except for its conflicts of laws principles. The New Jersey Franchise Practices Act ["NJFP"] will not apply to any Facility outside of the State of New Jersey." (Compl. Ex. A. § 17.6.1.) The NJFP does not apply to out-of-state franchisees in any event. *See* N.J. Stat. Ann. 56:10-4(a)(1).

[2] Camarillo having failed to answer or otherwise move in response to the complaint, a default judgment was entered against it on April 29, 2016. BFS moved for a final default judgment on May 13, 2016. On consent, BFS withdrew its motion, and the entry of default judgment vacated on May 19, 2016. (ECF No. 9, 11)

2

the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim . . . .'") If venue is improper, a court "shall dismiss, or if be in the interests of justice, transfer such case to any district in which it could have been brought." 28 U.S. 1406(a). The Rule 12(b)(3) movant has the burden of demonstrating that venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982).

Even if venue is properly laid, a court may transfer the case to another district court where the case might have been brought based on the convenience of the parties and witnesses. See 28 U.S.C. 1404(a). A district court has "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness consideration weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) (citing *Stewart Org., Inc. v. Rioch Corp.*, 487 U.S. 22 (1988). That decision is to be guided by a number of non-exclusive public and private interest factors:

> The private interests have included: plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home; the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (internal citations omitted). The burden of persuasion rests with the party requesting a change of venue. *Id.*

### B. Analysis

#### 1. Transfer or Dismissal for Improper Venue

Camarillo argues that the forum selection clause by which it consented to and waived any objection to New Jersey as an appropriate forum is invalid, and that venue in this District is therefore improper. I disagree.

"In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law . . . [b]ecause questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature . . . ." *Jumara*, 55 F.3d at 877 (citation omitted); *Rioch*, 487 U.S. at 27-32. Under federal law, forum selection clauses are presumptively valid and enforceable "unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Breman v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972). "A forum selection clause will be invalidated only if the resisting party can show 1) the clause was invalid for such reasons as fraud or overreaching, or 2) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, or 3) enforcement of the clause would be so gravely difficult and inconvenient as to be unreasonable and unjust and that it would deprive the party of its day in court." *Intermetals Corp. v. Hanover Int'l Aktiengesellschaft Fur Industrieversicherungen*, 188 F. Supp. 2d 454, 458 (D.N.J. 2001) (citing *Bremen*, 407 U.S. at 10, 15, 18).

Camarillo does not contend that the forum selection clause at issue was procured by means of fraud or undue influence, or that enforcing the clause would deprive it of its day in court.[3] Instead, Camarillo points to a California statute which voids "[a] provision in a franchise agreement restricting venue to a forum outside this state." Cal. Bus. & Prof. Code. § 20040.5 (West 2016). This, Camarillo says, demonstrates California's strong public policy of "protect[ing] California franchisees from the expense,

---

[3] At any rate, for the reasons described *infra*, I do not find New Jersey to be an inconvenient venue.

4

inconvenience, and possible prejudice of litigating in a non-California venue." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2009); *see also Homewatch Int'l, Inc. v. Pacific Care Servs. Inc.*, Civ. No. 10-03045, 2011 WL 1660612, at *2-3 (D. Colo. May 2, 2011) (ruling that a forum selection clause identifying Colorado as the exclusive venue for disputes arising under a franchise agreement is void and unenforceable under California public policy).

For purposes of evaluating the validity of a forum selection clause, the relevant public policy is that of New Jersey. *Maaco Franchising, Inc v. Tainter*, Civ. No. 12-5500, 2013 WL 2475566, at *4 (E.D. Pa. June 10, 2013) ("The proper inquiry under *Bremen* . . . is not whether enforcement of a forum selection clause would contravene *any* strong public policy, but whether it would 'contravene a strong public policy of the forum *in which the suit is brought.*'") (emphasis in original)).[4] New Jersey's public policy, it turns out, must be examined closely. True, "forum selection clauses in franchise agreements are presumptively invalid" under New Jersey franchise law. *Kubis v. Perszyk Associates, Inc., v. Sun Microsystems, Inc.*, 146 N.J. 176, 195 (1996). But by its explicit terms (as well as the terms of this franchise agreement), New Jersey franchise law does not apply an out of state franchisee like Camarillo.[5]

---

[4]     *See also Saladworks, LLC v. Sottosanto Salads, LLC*, Civ. No. 13-3764, 2014 WL 2862241, at *3 (E.D. Pa. June 24, 2014) (ruling that Cal. Bus. & Prof. Code. § 20040.5 did not invalidate a forum selection clause specifying Pennsylvania as the exclusive venue for disputes arising under franchise agreements); *HOODZ Int'l, LLC v. Toschiaddi*, No. 11-15106, 2012 WL 883912 (E.D. Mich. Mar. 14, 2012) (ruling that Section 20040.5 did not invalidate a forum selection clause specifying Michigan as the exclusive venue for disputes arising under a franchise agreement); *TGI Friday's Inc. v. Great Northwest Restaurants, Inc.*, 652 F. Supp. 2d 750, 760 (N.D. Tex. 2009) (ruling that Section 20040.5 did not invalidate a forum selection clause specifying Texas as the exclusive venue for disputes arising under a franchise agreement). I note that the *Homewatch* court invalided a forum selection clause specifying Colorado as the exclusive venue on the basis of California public policy without reference to *Bremin*. 2011 WL 1660612, at *2-3.

[5]     Beyond that, as noted above, Camarillo does not argue that the forum selection clause was unfairly foisted upon it by BFS. Indeed, BFS has submitted an unopposed affidavit indicating that the franchise agreement was the result of arms-length negotiations in which BFS made specific concessions, including additional termination rights and reduced fees, in exchange for the right to sue Camarillo in New Jersey.

5

*Park Inn Int'l, L.L.C., v. Mody Enterprises, Inc.*, 105 F. Supp. 2d 370, 374 (D.N.J. 2000). In short, New Jersey specifically withheld protection from out-of-state franchisees; as to them, New Jersey has no particular policy. The question that remains is whether, franchise laws aside, New Jersey public policy more generally frowns on forum selection clauses. It does not. *Id.* ("Indeed, outside of Franchise Practices Act cases, New Jersey courts routinely find forum selection clauses prima facie valid and enforceable.") (collecting cases)).[6]

Under the forum selection clause contained in the franchise agreement, Camarillo has waived any objection to venue in this Court. *See McCoy v. Silver*, 205 F.2d 498, 499 (3d Cir. 1953) (holding that venue may be waived). The provision is valid and enforceable, and venue here is accordingly proper. The motion to dismiss is DENIED.

### 2. Transfer or Dismissal for Convenience

Camarillo alternatively requests that the Court transfer this action to the Central District of California for the convenience of the parties and witnesses. As an initial matter, I assume (and BFS does not contest) that this

---

(ECF no. 15-1); *see Kubis*, 146 N.J. at 195 (noting that a franchisor might carry its burden of showing that a forum selection clause contained in a franchise agreement is not presumptively invalid by "offering evidence of specific negotiations over the inclusion of the forum-selection clause and that it was included in exchange for specific concessions to the franchisee.")

[6]    Even if I were to consider California public policy, I would have to find that the forum selection clause at issue does not contravene California's interests. Section 20040.5 prohibits forum selection clauses that "*restrict*[] venue to a forum outside the state." (Emphasis added.) This forum selection clause does not do that; it merely waives any objection to venue in New Jersey. *Big O Tires, LLC v. Felix Bros., Inc.*, 724 F. Supp. 2d 1107, 1113-14 (D. Colo. 2010) ("According to its very terms, § 20040.5 applies only to provisions that *restrict* venue to a forum outside of California, not to provisions that *permit or consent to* outside forums. . . . In other words, the statute does not guarantee California franchisees that they will litigate disputes in California; it merely ensures that they will have the opportunity to do so.") (emphasis in original)). The forum selection clause here steps right up to, but does not cross, the line that California has drawn between enforceable and unenforceable forum selection clauses.

action might have been brought in the Central District of California because Camaraillo, Palansiamy, and Pansuria are all California citizens and the hotel that is the subject of this dispute is located there. Nevertheless, after weighing the private and public factors *infra*, I find that Camarillo has failed to meet its burden of demonstrating that transfer is warranted.

### i. The Parties' Preferences

Obviously, BFS is content to litigate this case in its backyard, while Camarillo would prefer not to defend itself so far from home. That equipoise, however, is more apparent than real.

First of all, a plaintiff's choice of forum is not simply weighed against that of the defendant, but is entitled to "paramount consideration." *Shuttle v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Even in the absence of a valid forum selection clause, BFS's decision to prosecute this case in its home forum would therefore command deference. *See, e.g., Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 190 (3d Cir. 2008) ("[A] strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of public and private interests clearly favors an alternate forum.")

What is more, however, is that the parties have agreed that New Jersey is an appropriate forum. A valid forum selection clause "is treated as a manifestation of the parties' preferences as to a convenient forum." *Jumara*, 55 F.3d at 880. Put another way, Camarillo had an opportunity *ex ante* to preserve its right to object to venue in New Jersey, but did not do so. The clear import of the forum selection clause was that, should a dispute arise, BFS would likely sue Camarillo in New Jersey. *Cf. Bremen*, 407 U.S. at 17-18 ("Whatever 'inconvenience' Zapara would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting.") So it is within this context that I give BFS's preference to litigate at home substantial consideration. *Jumara*, 55 F.3d at 880. This factor therefore strongly weighs against transfer.

### ii. Location of the Claim

Camarillo's principal argument in favor of transfer is that most of the events giving rise to the dispute occurred in California. *See Hamilton v. Nochimson*, Civ. No. 09-CV-2196, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009) ("When the vast majority of acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer.") At the center of this dispute is the allegation that BFS terminated the franchise agreement because Camarillo failed to operate its hotel in accordance with BFS standards. I agree that virtually all of those events—*e.g.*, Camarillo's allegedly deficient management of the hotel and failed quality control inspections—occurred in California. (Compl. ¶¶ 25-29)

But it goes too far to suggest, as Camarillo does, that New Jersey has no connection at all to the facts underlying this dispute. This is, after all, a breach of contract case involving a franchise agreement that was negotiated, performed, and terminated, at least in part, in New Jersey.[7] (Pl. Opp. Br. 4) On the whole, however, this factor detracts from BFS's preference to litigate in New Jersey and weighs somewhat in favor of transfer.

### iii. Availability of Witnesses

Camarillo says that its witnesses are in California; BFS says that its witnesses are in New Jersey. Each claims that its witnesses will be inconvenienced by litigating in the other's favored forum. Camarillo identifies one non-party witness who might be unavailable to testify in New Jersey. That witness, Camarillo says, negotiated the franchise agreement with BFS. (Def. Br. 9-10) But Camarillo has provided no further information which would allow the Court to assess the nature and importance of that witness's testimony. *See generally Ramada Worldwide, Inc. v. Grand Rios Investments, LLC*, Civ. No. 13-3878, 2013 WL 5772083, at *4 (D.N.J. Oct. 23, 2013) ("The party seeking

---

[7] The parties dispute where they entered into the franchise agreement and where performance was contemplated to occur. (*See* Def. Br. 5; Pl. Opp. Br. 4; Def. Reply Br. 1).

transfer should support its motion with affidavits and other documentation establishing that the interests of justice and convenience of parties would be best served by transfer.") (citing *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973)). To the extent this factor weighs in favor of transfer, it does not do so heavily.

### iv.   Public Factors

Concerning the public interest factors, Camarillo is correct that California has a strong interest in this litigation, which involves a California franchisee seeking to invoke the protections of California law. [8] Correspondingly, New Jersey's interest is lessened by the fact that its franchise law does not apply to Camarillo. Still, BFS is a New Jersey franchisor alleging breach of contract under New Jersey law.[9] The public factors, in other words, are mixed. Pitting California's particularized franchise-law-based interest in protecting a California franchisee against New Jersey's more general contract-law-based interest in facilitating redress of a New Jersey franchisor, I can find no more than a weak public interest in transfer.[10]

\* \* \* \* \*

---

[8]   Camarillo avers that the "vast majority" of relevant documents are in California but concedes that this fact is relatively important because of technological advances in electronic discovery. (Def. Br. 10 n. 2). I agree that the availability of books and records does not move the needle in this case. *InfoMc, Inc. v. Comprehensive Behavioral Care*, Civ. No. 10-4907, 2012 WL 1114360, at *17 (E.D. Pa. Mar. 30, 2012).

[9]   Under the franchise agreement, New Jersey law applies, with the exception of choice of law principles. I note that arguments concerning choice of-law can be heard in either California or New Jersey, and that a New Jersey federal court sitting in diversity can apply the franchise law of California if appropriate.

[10]   In passing, Camarillo argues that the Court "should grant Defendants' Motion, as failure to do so may necessitate that Defendants initiate a separate action in California in order to assert their rights under California law, resulting in duplicative litigation, waste of judicial resources, and the potential for inconsistent verdicts." (Def. Br. 11-12) So far as the Court is aware, Camarillo has not filed such a lawsuit. In any event, it is Camarillo, not BFS, that would bear the risk of instituting a duplicative action (and any concomitant waste of judicial resources) in the face of a valid forum selection clause.

9

To recap: (1) BFS's preference to litigate at home strongly weighs against transfer; (2) the location of the events giving rise to this dispute favors transfer; (3) the availability of a single non-party witness minimally weighs in favor of transfer; and (4) California's interest in protecting California franchisees somewhat favors transfer. All other things being equal, I might be inclined to transfer the case. Camarillo's agreement to consent to venue in New Jersey, however, tips the scales the other way. Camarillo contemplated the potential inconvenience, but consented anyway, and its objections are therefore entitled to less weight now. Because Camarillo "present[s] no evidence that a change in venue would do anything other than shift the inconvenience of venue" from BFS to Camarillo, I will DENY its motion to transfer. *Ramada Worldwide Inc., v. SB Hotel Mgmt.*, Civ. No. 2:14-02186, 2015 WL 758536, at *4 (D.N.J. Feb. 23, 2015); *Ramada Worldwide*, 2013 WL 5773085, at *4.[11]

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss or transfer of defendants Camarillo, Palanisamy, and Pansuria is DENIED. An appropriate Order accompanies this Opinion.

Dated: November 22, 2016

**KEVIN MCNULTY**
**United States District Judge**

---

[11]   *Howmedica Osteonics Corp. v. Sarkisaian* does not require a different result. There, Judge Falk transferred a case to California where (1) there were "serious questions" whether the forum selection clauses at issue "were procured through misrepresentations and are unconscionable and invalid because they are adhesion contracts . . . presented . . . on a 'take-it-or-leave-it' basis"; (2) "[a]lmost nothing related to the claim is connected to New Jersey"; (3) nearly all the party and non-party witnesses, many of whom were busy surgeons, resided in California; and (4) the case "essentially involves the rights of California citizens['] ability to work in California and decisions made by orthopaedic surgeons in California." No. 14-3449, 2015 WL 1780941, at *7-9 (D.N.J. Apr. 20, 2015). No such factors are present here.